**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **FEDERAL INSURANCE COMPANY,** | : | Case No. 1:05 CV 1767 |
| **Plaintiff,** | : | |
| | : | **JUDGE KATHLEEN O'MALLEY** |
| v. | : | |
| | : | |
| **CVS REVCO D.S., INC.,** | : | <u>ORDER</u> |
| | : | |
| **Defendant.** | : | |

This matter arises on Defendant CVS Revco D.S., Inc.'s ("CVS") motion to transfer the case to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). (Doc. 22, *Motion of Defendant CVS Revco D.S., Ins. to Transfer Case and Its Response to Plaintiff's Emergency Motion for Relief from Stay and to Motion for Leave to File Amended Complaint <u>Instanter</u>* (hereinafter, "Motion to Transfer").) CVS contends that transfer is appropriate because the class action litigation underlying the insurance coverage dispute that is the subject of this litigation is presently proceeding in the Northern District of Texas.  The Plaintiff, Federal Insurance Company ("FIC"), has filed a response in opposition to CVS's Motion to Transfer (Doc. 24) and CVS has filed a reply in support (Doc. 25). The motion is therefore ripe for resolution. For the reasons more fully articulated below, the Court **GRANTS** CVS's Motion to Transfer.

**I.      <u>BACKGROUND</u>**

This is an excess insurance liability declaratory judgment action stemming from a class action related to a drug known as E-Ferol.  *See Klein v. O'Neal, Inc.*, No. 7-03-cv-102 (N.D. Tex.) (hereinafter, "the E-Ferol Class Action"). The E-Ferol Class Action is presently proceeding in the Northern District of Texas before Chief Judge Sidney A. Fitzwater.  In sum, the Plaintiff in this

lawsuit – FIC -- has asserted two claims: (1) that it does not have a duty to indemnify CVS for "loss" related to the E-Ferol Class Action; and (2) that it does not have a duty to defend CVS in that litigation under the policy. The parties resolved the second issue in January of 2006 by stipulation. (Doc. 15.) The first issue remains pending – in response to a motion filed by CVS, the Court stayed the ruling on this issue in December, 2005, noting that resolving it would require the Court to address fact-intensive issues, the resolution of which could prejudice CVS in the E-Ferol Class Action. (Doc. 13.)

In addition to CVS' Motion to Transfer that is the focus of this Order (Doc. 22), now pending before the Court are two motions filed by FIC – a motion to lift the stay (Doc. 20) and a motion to amend the complaint (Doc. 21).[1]

## II. LAW & ANALYSIS

CVS filed its Motion to Transfer to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Section 1404(a) states: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

A district court decides motions to transfer under § 1404(a) on a case-by-case basis, exercising broad discretionary authority. *Stewart Org., Inc. v. Ricoh*, 487 U.S. 22, 28 (1988); *Norwood v. Kirkpatrick*, 349 U.S. 29 (1955) (noting that the district court has broader discretion to

---

[1] CVS does not oppose FIC's motions. (*See* Doc. 22 at 1.) Instead, CVS argues that Judge Fitzwater should resolve FIC's motions after transfer. (*Id*.) Because the Court has concluded that transfer is appropriate under the circumstances of this case for the reasons articulated below, the Court lifts the stay for the limited purpose of transferring the case to the Northern District of Texas, where Judge Fitzwater will determine whether it is appropriate to lift the stay permanently and/or grant FIC leave to amend the complaint.

2

transfer a case under § 1404(a) than under the doctrine of *forum non conveniens*). The Court employs a two-step analysis in analyzing a § 1404(a) motion. *See*, *e.g.*, *T & W Forge, Inc. v. V & L Tool, Inc.*, Case No. 05cv1637, 2005 WL 2739321, at *9 (N.D. Ohio Oct. 24, 2005). First, the Court must determine whether the case could have been brought in the transferee court. If so, the Court balances a number of factors, including the convenience of the parties and witnesses, judicial economy, and the interests of justice. *See Moses v. Bus. Card. Exp., Inc.*, 929 F.2d 1131, 1137 (6th Cir. 1991).

CVS argues that (1) this case could have been brought in the Northern District of Texas, and (2) the factors pertinent to a § 1404(a) analysis favor transfer to that venue. (*See* Doc. 22 at 6-7.)

### A. The Northern District of Texas Is a Proper Venue

The threshold issue is whether the Northern District of Texas is a proper venue. This question is governed by 28 U.S.C. § 1391, which provides as follows:

> A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.

FIC does not dispute that the action could have been brought in the Northern District of Texas, *see* Doc. 24, and, given that the E-Ferol Class Action in that forum is the event giving rise to the claims in this lawsuit, the Court is convinced that that court is a proper venue.

### B. The Balance of Applicable Factors Strongly Favors Transfer

The second step in analyzing a motion to transfer venue under 28 U.S.C. § 1404(a) is whether, on balance, transfer serves the convenience of the parties and interests of justice. CVS

3

bears the burden of establishing that the Northern District of Texas is a "more convenient forum." *Van Dusen v. Barrack*, 376 U.S. 612, 645-46 (1964). As this Court explained in *Donia v. Sears Holding Corp.*, Case No. 07CV2627, 2008 WL 2323533, at *2 (N.D. Ohio May 30, 2008):

> In making this determination, the Court evaluates a variety of factors, including case-specific factors such as the convenience of the parties and witnesses, the relative ease of access to proof, and the availability of compulsory process, and public-interest factors such as the relative burdens of the courts and local interest in the dispute. *See Kerobo v. Southwestern Clean Fuels Corp.*, 285 F.3d 531, 537 (6th Cir. 2002); *H.K. Enters., Inc. v. Royal Int'l Ins. Holdings, Ltd.*, 766 F.Supp.581, 583 (N.D. Ohio 1991). No one factor is dispositive; transfer is appropriate if the balance of these factors "strongly" favors trying it in the transferee district. *See Picker Int'l, Inc. v. Travelers Indem. Co.*, 35 F.Supp. 2d 570, 573 (N.D. Ohio 1998).

Demonstrating the breadth of the Court's discretionary authority under this prong of the § 1404(a) analysis, the Sixth Circuit noted in an unpublished opinion that the Court "may consider any factor that may make any eventual trial easy, expeditious, and inexpensive." *See Cherokee Expert Co. v. Chrysler*, Case No. 96-1745, 1998 WL 57279, at *2-3 (6th Cir. Feb. 2, 1998) (quoting *Int'l Car Show Ass'n v. ASCAP*, 806 F. Supp. 1308, 1310 (E.D. Mich. 1992)).

In this case, the balance of these factors strongly favors transfer.

### 1. CVS's Arguments in Support of Transfer

CVS argues that the E-Ferol Class Action and this case involve similar factual and legal issues, that it would be more costly and less efficient to litigate this coverage dispute in a different forum than the underlying case, and that none of the parties or witnesses are located in Ohio. CVS provides a number of examples of the overlapping legal and factual issues, including CVS's state of mind with respect to the risks associated with E-Ferol, a consideration directly relevant to both liability and punitive damages in the E-Ferol Class Action and coverage in this case. (Doc. 22 at 9-12.) In addition, CVS notes that the validity and ripeness of medical monitoring claims asserted in the E-Ferol Class Action will be relevant to the issue of coverage in this litigation. (*Id*. at 10.)

4

CVS argues that the overlap of these issues militates in favor of one court, not two, deciding them in the interest of judicial efficiency and consistent results.  Given that Judge Fitzwater has invested six years into the E-Ferol Class Action and issued dozens of orders while this case has been stayed, CVS argues that the interests of justice and judicial economy favor transfer.

### 2. FIC's Arguments in Opposition to Transfer

FIC argues that the factors demonstrate that the Northern District of Texas is not a substantially more convenient venue.  (Doc. 24.)  In sum, FIC asserts that this dispute revolves around the interpretation of an insurance contract negotiated and issued in Ohio and, accordingly, the legal and factual issues pertinent to the resolution of the E-Ferol Class Action are, at most, tangential to the resolution of this case.  (*Id*. at 8.)  According to FIC, there is no overlap between the factual and legal issues to be resolved because different standards apply to whether a class member is entitled to recovery, punitive damages, or medical monitoring than apply to whether FIC must indemnify CVS for such damages.  (*Id* at 11-12.)  As a result, FIC contends that none of the witnesses, documents, or evidence relevant to this lawsuit are to be found in Texas, and that both parties' lawyers are here in Cleveland, Ohio.  FIC further notes that its principal place of business is in New Jersey, CVS's is in Rhode Island, and Retrac, Inc. – CVS's subsidiary and the former distributor of E-Ferol – is an Ohio corporation.[2]  It argues that one of CVS's predecessor entities, Revco D.S., Inc., had its principal place of business in Ohio and its bankruptcy was venued in this district.  In fact, FIC points out that Judge David Dowd handled a prior coverage litigation related to E-Ferol claims and held that Ohio law applied.  *See Revco D.S., Inc. v. Gov't Employees Ins. Co.*,

---

[2]  Retrac, Inc., formerly Carter-Glogau Laboratories, Inc., was a wholly-owned subsidiary of Revco D.S., Inc. prior to the merger between Revco D.S., Inc. and CVS.  (*See* Doc. 27 at 2.)  Retrac, Inc. was allegedly responsible for the distribution of E-Ferol challenged in the E-Ferol Class Action.  (*Id*.)

5

791 F. Supp. 1254 (N.D. Ohio 1991). Because Ohio law will apply in this case, FIC argues that this Court is better equipped to apply the law and Ohio has a stronger interest in this coverage dispute. FIC also contends that a single court should not handle both the underlying action and the coverage action because of the risk of confusing the standard to be applied in each case.

### 3. The Class Plaintiffs' Perspective

In the interest of understanding the totality of the circumstances surrounding the request to transfer this case to the Northern District of Texas, it is important to note that it is undisputed that the members of the class in the E-Ferol Class Action ("the Class") have an interest in this litigation. In fact, FIC has filed a motion for leave to file an amended complaint adding the Class as a defendant in this action, (Doc. 20), and CVS does not oppose that motion (*see* Doc. 22). Furthermore, the Class has twice informed the Court by letter that it strongly favors transfer. (*See* Doc. 28, Ltr. of Mar. 26, 2009 from Counsel for E-Ferol Class; Doc. 27, Ltr. of May 19, 2009 from Counsel for E-Ferol Class.) In its letters, the Class urges the Court to grant CVS's Motion to Transfer for several reasons relating to whether FIC is required to indemnify CVS, a question which it asserts is critical to its potential damages recovery.[3] Therefore, the Class argues that its interests

---

[3] First, the Class asserts that they are third-party beneficiaries to the indemnity agreement between CVS and FIC, and, accordingly, the real party in interest to this litigation that must be joined pursuant to Rule 17 of the Federal Rules of Civil Procedure. (Doc. 27 at 2.) More specifically, the Class argues as follows:

> The wholly owned subsidiary that was responsible for the damages alleged in the [E-Ferol Class Action], Carter-Glogau Laboratories, Inc., was incorporated in Ohio and renamed Retrac, Inc. According to sworn testimony by the corporate representative of CVS in the [E-Ferol Class Action], the Revco bankruptcy and the merger between CVS and Revco five years later resulted in CVS having no liability for any judgment rendered

6

in transfer should be considered in adjudicating the Motion to Transfer.[4]

### 3. Analysis: Transfer is Appropriate in this Case

On balance, the factors strongly favor transfer. Although the various factors the parties raised will be addressed below, the most important factors in this case are judicial economy and the interests of justice.

As a threshold question, the Court addresses FIC's argument that the facts relevant to the resolution of the E-Ferol Class Action are irrelevant to this lawsuit. The Court rejects this argument, as it did the first time it considered it. When the Court granted CVS's motion to stay in 2005, it expressly found that factual issues in the E-Ferol Class Action may be intertwined with issues relevant to the adjudication of this case:

> Federal [*i.e.*, FIC] . . . asserts that it has no duty to indemnify CVS for obligations imposed on it in the Texas action [*i.e.*, the E-Ferol Class Action] because those losses were the result of intentional or reckless conduct on the part of CVS (or its predecessor-in-interest). As such, Federal asserts that the personal injury which was caused by CVS' actions was "expected" or "intended" within the meaning of the Policy, excluding it from the definition of an "occurrence" and, hence, of "Loss" under the Policy.

---

> against Retrac, Inc. In the *Federal* [*Insurance Corp. v. CVS*] case before you, the Reply Brief in Support o Defendant CVS Revco D.S., Inc.'s Motion to Transfer indicates that Retrac, Inc. has no assets and no ongoing business.

(*Id.*) Second, the Class argues that, under these circumstances, CVS has little incentive to "vigorously" defend this declaratory judgment action or settle. (*Id.* (citing *Revco D.S., Inc. v. Gov't Employees Ins. Co.*, 791 F. Supp. 1254 (N.D. Ohio 1991) (Dowd, J.).)

[4] The Court need not, and does not, take a position with respect to the ultimate merits of the Class's position with respect to declaratory judgment. Instead, the Court's finding is limited to the acknowledgment that it is undisputed that the Class has an important interest in this litigation.

7

> . . .
>
> The Court will not . . . resolve the question of whether the events giving rise to the Texas action constitute an "occurrence" under the Policy. Resolution of that question would require a fact-intensive inquiry into questions of fault and intent. Those issues are at the heart of the Texas action and are best resolved there. While Federal is correct that traditional abstention principles only apply where actions are pending in both state and federal court, as opposed to two different federal districts, questions of judicial economy and even of comity should not be ignored merely because the two courts involved are "sister" sovereign courts.

(Doc. 13 at 1-2, 3.) Nothing has been raised or has occurred since that Order that alters the Court's conclusion that factual findings in the E-Ferol Class Action will almost certainly effect the resolution of the issue in this lawsuit, *i.e.*, whether FIC has a duty to indemnify CVS. Accordingly, having concluded that there is a potential overlap in the factual issues to be resolved in each litigation, the Court turns to the question of whether the traditional Rule 1404(a) factors favor transfer.[5]

As the Court noted in its previous Order (quoted above), questions of judicial economy and comity have been an important consideration in this case from the outset. A complex class action of national scope with a history dating back to at least 2003 is at the heart of this litigation. Judge Fitzwater's familiarity with the facts and circumstances related to the E-Ferol Class Action, including the relationships between the various legal entities involved with E-Ferol and the degree to which those entities understood the risks associated with the drug, clearly makes him the judicial officer with the most complete and sophisticated understanding of both of these cases. Judge Fitzwater, moreover, has already expressly recognized the importance of insurance coverage to the

---

[5] Actually, all the Court need do is conclude that there is a reasonable probability that factual issues raised in the class action will be pertinent to a resolution of the coverage dispute to conclude that Judge Fitzwater is a more appropriate jurist to address the issue presented by this action.

8

underlying litigation by, *inter alia*, ordering all insurance companies, including FIC, to participate in court-ordered mediation. (Doc. 22, Ex. 3.) In the interests of judicial economy, it does not make sense for this Court to invest the <u>substantial</u> time and effort required to adjudicate this controversy when even a portion of that labor may be duplicative of work Judge Fitzwater has already done. Similarly, the interests of justice would be served by having a single court adjudicate the E-Ferol Class Action and this declaratory judgment coverage action. Just as Judge Fitzwater's deep knowledge of the facts and issues creates efficiencies in the interest of judicial economy, his knowledge of the case history, proceedings, his own prior rulings, and the interrelated parties will promote the most fair and consistent resolution of both cases.[6]

There is some merit to some of FIC's arguments with respect to other factors in the § 1404(a) analysis; however, these factors do not outweigh the clear and substantial advantages of litigating both cases in the Northern District of Texas.

For example, although FIC's choice of forum is a factor, "[t]his court has consistently treated the plaintiff's choice of forum as *one* of the relevant factors in the § 1404(a) analysis[,]" *i.e.*, it is a factor "to be weighed equally with other relevant factors." *Donia*, 2008 WL 2323533, at *2 (citing *Int'l Union, U.A.W. v. Aluminum Co. of Am.*, 875 F.Supp. 430, 433 (N.D.Ohio 1995) (O'Malley, J.) ("While this Court agrees that the plaintiff's choice of forum is to be awarded some weight, it is not of paramount importance; it is instead one factor to be weighed equally with other relevant factors.")). Here, FIC's choice of forum is not particularly meaningful because none of the parties have a significant presence in Ohio. FIC admits that CVS is a Delaware corporation with

---

[6] The Court rejects FIC's argument that these two cases should be decided by two different courts because a single judge is likely to be confused by the differing standards in each case. This argument does not warrant further comment.

9

its principal place of business in Rhode Island, and FIC is an Indiana corporation with its principal place of business in New Jersey. As for the interested non-parties – Retrac, Inc. and the E-Ferol Class – the Class is national in scope, but obviously based in the Northern District of Texas, where the E-Ferol Class Action is proceeding, and Retrac, Inc., although an Ohio corporation, is not a party to the insurance contract between CVS and FIC and, according to CVS, is now a shell company without assets or ongoing operations.

Similarly, the fact that Ohio law governs this declaratory judgment action does not significantly favor FIC's position. First, as federal courts sitting in diversity, both this Court and the Northern District of Texas will be applying the state law governing the insurance contract at issue – in this case, Ohio.[7] Obviously, federal district courts sitting in diversity are most accustomed to applying the law of the state in which they are situated. The proposition, however, that Judge Fitzwater is less equipped than this Court is to understand and apply basic principles of Ohio contract and insurance law simply is not a viable one. The Court is certain that Judge Fitzwater is equally capable of identifying and applying the relevant Ohio law.

The remaining factors are either neutral or favor transfer. The convenience of the parties is an essentially neutral factor. As noted above, none of the parties have a significant tie to Ohio. Neither party argues that the availability of compulsory process will be an issue. FIC has not asserted that witnesses residing in Ohio, or documents stored here, will be involved in this litigation.

---

[7] FIC argues that Judge Dowd's finding in *Revco D.S., Inc. v. Gov't Employees Ins. Co.*, 791 F. Supp. 1254, that Ohio law applies to the insurance coverage disputes related to the E-Ferol claims militates in favor of retaining jurisdiction over this case. To the extent FIC's argument is simply that, in the interests of justice, Ohio has a greater interest in the litigation, this is a minor concern compared to the advantages related to consistency and efficiency discussed above. To the extent FIC's argument extends beyond this factor, it fails because Judge Dowd was not faced with, nor did he opine upon, the issue of transfer under § 1404(a).

10

While both parties' attorneys are located in Ohio, this does not outweigh the fact that relevant documents have undoubtedly been used in the course of the litigation in Texas and are being stored there, or that the representatives of the Class and their attorneys are located there.

Lastly, although the Class is not presently a party to this litigation, FIC does not dispute the propriety of their joinder as a party in this litigation. Accordingly, the Court weighs the Class's expressed interest in litigating both cases before Judge Fitzwater in favor of transfer. Under the circumstances, the outcome of this insurance coverage dispute will potentially have an important, even dramatic, effect on the amount of damages the Class is able to recover in the event it prevails in the E-Ferol Class Action or the parties settle the case.

### III. CONCLUSION

Accordingly, CVS's *Motion to Transfer Venue* pursuant to 28 U.S.C. § 1404(a) (Doc. 22) is **GRANTED** and this action is hereby **TRANSFERRED** to the United States District Court for the Northern District of Texas, where *Klein v. O'Neal, Inc.*, No. 7-03-cv-102-D (N.D. Tex.) is now pending before Chief Judge Sidney A. Fitzwater.[8]

**IT IS SO ORDERED.**

                                                 s/Kathleen M. O'Malley
                                                 KATHLEEN McDONALD O'MALLEY
**Dated: June 16, 2009**                       UNITED STATES DISTRICT JUDGE

---

[8] In light of the Court's decision to transfer the case, FIC's motion for relief from stay (Doc. 20) is **GRANTED**, but only for the limited purpose of transferring this action to the Northern District of Texas. Whether the stay should be lifted permanently (Doc. 20), and whether FIC's motion to amend the complaint (Doc. 21) should be granted, are questions appropriately conferred to Judge Fitzwater.